**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TANISIA N. BAKER, a resident of Georgia | **No.** |
| Plaintiff, | **ECF Case** |
| v. | |
| CARL WEBER, a resident of New York, individually and as officer of URBAN BOOKS, LLC, URBAN BOOKS MEDIA, LLC and KENSINGTON PUBLISHING CORPORATION, URBAN BOOKS, LLC, d/b/a URBAN AUDIOBOOKS, a New York limited liability company, URBAN BOOKS MEDIA, LLC, a New York limited liability company; KENSINGTON PUBLISHING CORPORATION a New York corporation, VICKIE STRINGER, individually and as an officer of VICKIE STRINGER PUBLISHING LLC d/b/a TRIPLE CROWN PUBLICATIONS, VICKIE STRINGER AGENCY LLC d/b/a TRIPLE CROWN PUBLICATIONS, VICKIE STRINGER PUBLISHING LLC d/b/a TRIPLE CROWN PUBLICATIONS and VICKIE STRINGER AGENCY LLC d/b/a TRIPLE CROWN PUBLICATIONS. | **COMPLAINT** **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff Tanisa N. Baker, by and through her undersigned attorneys, Chinta Perdomo Berks & Fratangelo LLP, for her complaint against Defendants Vickie Stringer, Vickie Stringer Publishing, LLC d/b/a Triple Crown Publications and Vickie Stringer Agency, LLC  d/b/a Triple Crown Publications, Carl Weber, Urban Books LLC d/b/a Urban Audio Books, Urban Books

Media LLC and Kensington Publishing Corporation, alleges as follows, based on her personal knowledge and upon information and belief:

## NATURE OF THE ACTION

1.      This action is for copyright infringement and to recover unpaid royalties arising from Defendants' years-long exploitation of Plaintiff Tanisia N. Baker ("T.N. Baker," "Ms. Baker" or "Author") original work of authorship without payment of royalties due and owing to Ms. Baker.  As a result of Defendants' copyright infringement and tortious actions, Plaintiff also seeks a declaratory judgment that she is the sole and exclusive owner of the copyrights into her widely successful books entitled "Sheisty" and "Still Sheisty" (the "Works") since at least October 10, 2011. Additionally,  Plaintiff is seeking an accounting of Defendants' profits arising from their unauthorized commercial exploitation of the Works, including any  derivative works, and in the alternative, monetary damages against Defendants for their failure to pay royalties to Ms. Baker as well as monetary damages arising from the hardship suffered by Ms. Baker resulting from Defendants' failure to pay said royalties when due and damages for fraud and conspiracy to commit fraud against  the individual Defendants Vickie Stringer and Carl Weber. Defendants have reaped the benefits of Ms. Baker's Works for several years and consequently have been unjustly enriched at Plaintiff's expense.

## THE PARTIES

2.      Plaintiff, Tanisia N. Baker, is an individual residing in the State of Georgia. She is the well-known author of the books "Sheisty", "Still Sheisty", "Dice" and "Cream" written under the pen name "T.N. Baker."

3.      Upon in formation and belief, Defendant Carl Weber ("Weber") is an individual residing in the State of New York and is a majority owner and managing member of Defendants Urban Books, LLC, and Urban Books Media, LLC. Weber is a well-known author and publisher in the "Urban fiction" genre.

4.      Upon information and belief, Defendant Urban Books, LLC ("Urban Books") is a New York limited liability company also doing business as "Urban Audiobooks" with its principal place of business in New York. Urban Books is a book publisher and distributor.  **See Exhibit "1" to Perdomo Declaration.**

5.      Upon information and belief, Defendant Urban Books Media, LLC ("Urban Media") is a New York limited liability company with its principal place of business in New York. Upon information and belief, Urban Media is a film and television production company. **See Exhibit "2" to Perdomo Declaration.**

6.      Upon information and belief, Defendant Kensington Publishing Corporation ("Kensington") is a New York limited liability company with its principal place of business in New York county, New York. **See Exhibit "3" to Perdomo Declaration.**

7.      Upon information and belief, Urban Books, Urban Media and Kensington are *alter egos* of Weber and of one another.  Upon information and belief, Carl Weber owns and controls these companies which do not have a distinct physical office space and are used interchangeably in dealings with third parties.

8.      Vickie Stringer is an individual residing at 3124 Genevieve Drive, Columbus, Ohio 43219.  Stringer is an officer and beneficial owner of Vickie Stringer Publishing, LLC, Vickie Stringer Agency, LLC as well as the now dissolved non-party entities, Triple Crown Publications, LLC and Triple Crown Productions, LLC.

9.      Vickie Stringer Publishing, LLC is a limited liability company organized under the laws of the State of Ohio with registered address located at P.O. Box 6888, Columbus Ohio 43205.  **See Exhibit "4" to Perdomo's Declaration.**

10.     Vickie Stringer Agency, LLC is a limited liability company organized under the laws of the State of Ohio with registered address located at P.O. Box 6888, Columbus Ohio 43205.  **Exhibit "5" to Perdomo's Declaration.**

11.     Non-party Triple Crown Publications, LLC, was an Ohio limited liability company with registered address at P.O. B 247378 COLUMBUS, OH 43224-7378 and 3124 GENEVIEVE DR COLUMBUS, OH 43219-3087 and 2184 CITYGATE DR COLUMBUS, OH 4321.  This company was dissolved on June14, 2010  **See Exhibit "6" to Perdomo's Declaration.**

12.     Non- party Triple Crown Productions, LLC was a Nevada limited liability company with registered addresses at 5795 S. SANDHILL ROAD, Suite F, Las Vegas, Nevada 89120-2558.  This company was dissolved on June 30th 2012.  **See Exhibit "7" to Perdomo's Declaration.**

13.     Defendants Vickie Stringer Publishing LLC, Vickie Stringer Agency LLC and non-parties Triple Crown Productions, LLC and Triple Crown Publications are hereinafter referenced to as the "Triple Crown" entities, which upon information and belief are *alter egos* to each other and to Stringer as they do not have distinct purpose or existence, share same officers and addresses, are used by Stringer interchangeably in their dealings with third parties to, among others, perpetrate fraud against Plaintiff.

14.     As early as October 2011, Vickie Stringer admitted transferring and assigning "rights and privileges" amongst her companies but that she was still operating under her business license in Ohio and upon information and belief, using the entities for her personal benefit. In the

4

same letter notice to her authors, Stringer ensures that notwithstanding the dissolution of Triple

Crown Publishing, LLC she and her entities will continue to do business as "Triple Crown."


## JURISDICTION AND VENUE


15.     This court has federal question jurisdiction over this action under 28 U.S.C.

§§1331 and 1338.

16.     This Court also has diversity jurisdiction over this action under 28 U.S.C. §1332

because there is complete diversity of citizenship between Plaintiff and Defendants and the

amount in controversy exceeds $75,000 (seventy-five thousand dollars).

17.     This Court has supplementary jurisdiction over all claims arising under state law

under 28 U.S.C. § 1367(a).

18.     For declaratory counts, this Court has jurisdiction under 28 U.S.C. §§2201-02.

19.     Upon information and belief, venue is proper in this district under 28 U.S.C.

§1391 because some of the Defendants reside in this district under the statutory definitions and

has personal jurisdiction over the out of state defendants under NY CPLR § 302(a).


## BACKGROUND FACTS
### The Publishing Agreement with Triple Crown Publications LLC

20.     Tanisia N. Baker is the author of the books "Sheisty", "Still Sheisty" (the

"Works") bearing Copyright Registration Numbers TXu001142798/2003-0819) and

TXu001200086/2004-09-08) respectively.   **See Exhibit 8 and 8-A to Perdomo's Declaration.**

21.     On November 1st 2003, Plaintiff Tanisia N. Baker entered into a literary rights

publishing agreement (the "Publishing Agreement") with Triple Crown Publications, LLC, a

limited liability company registered in the state of Ohio, owned and managed by Vickie Stringer ("Stringer").  **See Exhibit "1" to Baker Declaration, Publishing Agreement dated November 1, 2003.**

22.    Pursuant to the terms of the Publishing Agreement, Plaintiff assigned to Triple Crown Publications, LLC all rights and privileges into the Works, including the right to commercially exploit the Works by sale or license as long percentage of the net sales were divided equally between Author and publisher.  *Id.*

23.    In consideration for the grant of rights to the publisher, Triple Crown Publications, LLC agreed to pay Ms. Baker royalties as follows:

> "Based upon the net retail sales less a reasonable reserve for returns and minus any advance monies, Publisher shall pay the following royalty to Autor upon the regular hardcover and paperback editions(s) sold in the territories set forth above in Paragraph 1: ten percent (10%) of the retail price."

24.    Pursuant to ¶ 5 of the Publishing Agreement, the publisher, Triple Crown Publications, LLC agreed to pay royalties to be computed as of June 30th and December 31st of each year and furnish royalty statements within one hundred twenty (120) days of such respective dates and pay royalties.

25.    Triple Crown Publications, LLC paid royalties and submitted statements to Ms. Baker until the last quarter of 2009.  **See Exhibit "2" to Baker's Declaration, 1099 for tax year 2009.**  In multiple instances the royalty statements had verifiable inaccuracies which Plaintiff brought to her publisher's attention.

26.    The last royalty statement and check that Ms. Baker received from Triple Crown Publications, LLC was for the year 2009.  Despite the Author's multiple letters, emails and phone requests to her publisher, neither Triple Crown Publications, LLC or any of the Triple Crown entities resumed payment of royalties due to Plaintiff under the Publishing Agreement.

27.     Under the terms of the Publishing Agreement, Plaintiff reserved the right to notice the termination of the Agreement by submitting a Notice of Termination if the publisher experienced any financial hardship including liquidation of assets.   **See Exhibit "1" to Baker's Declaration, ¶ 26.**

### Dissolution of the Triple Crown Entities

28.     Ms. Baker is one of many authors that have been deprived of their royalties and financially harmed by Stringer and the Triple Crown entities for failing to pay royalties, account for the sales of author's works and accurately reporting book sales to the Internal Revenue Service ("IRS").  **See Exhibit "3" to Baker's Declaration.**

29.     The Triple Crown entities and Ms. Stringer had several civil actions filed by authors against them as well as audits from the IRS. Plaintiff herself was the subject of an IRS investigation triggered by Stringer and her Companies for failing to properly account for the royalties paid to Ms. Baker.

30.     Plaintiff had to explain to the IRS how Stringer used her Companies to inflate author royalty statements to evade taxes and transfer the liabilities to Ms. Baker who in fact, never received payment for the amounts reflected in the fraudulent royalty statements.    The IRS investigation triggered by the fraudulent statements issued by the Triple Crown entities is one of many financial hardships Plaintiff has endured in the last decade for signing the Publishing Agreement and assigning the rights on her Works to a publisher she believed in good faith was going to act in her best interest.

31.     On or about June 14, 2010 facing serious financial issues, including failing to pay multiple tax liabilities, Ms. Stringer dissolved Triple Crown Publications, LLC.

32.     Meanwhile, unbeknownst to Plaintiff, on May 11, 2009, Triple Crown Publications, LLC assigned the Works to Vickie Stringer Publishing, LLC as evidenced by the

only assignment of the Works registered with the U.S. Copyright Office.  **See Exhibit "8" to Perdomo Declaration.**

### Plaintiff's Notice of Termination of her Publishing Agreement

33.     In 2011, Ms. Baker learned through fellow authors that Triple Crown Publications, LLC had been dissolved and pursuant to the provisions of paragraph 26 of the Publishing Agreement, on October 10, 2011 Ms. Baker sent a notice of termination to her publisher and requested the reversion of her rights into the Works**.  See Exhibit "4" to Baker's Declaration, Letter of Termination.**

34.     Notwithstanding  Ms. Baker termination letter, on October 19, 2011 Ms. Stringer sent a response to Triple Crown Publications, LLC authors, including Plaintiff T.N. Baker assuring them that Triple Crown Publications LLC was not bankrupt and has not ceased operations business, but that the business was rather restructuring and the rights under the publishing agreement were not reverting back to the authors but instead were assigned to Vickie Stringer Publishing LLC and/or Triple Crown Productions, LLC. The same notice also clearly stated that the business will resume sending royalty statements to the authors in 2012**. See Exhibit "5" to Baker's Declaration.**

### The Licensing Agreement with the Weber Entities

35.     However, regardless of the earlier assignment to Vickie Stringer Publishing, LLC, on October 20, 2014, Triple Crown Productions LLC, an entity without any legal rights in the Works, executed a Licensing Agreement with Urban Books LLC and Kensington Publishing Corp (the "Weber Entities") purportedly licensing the distribution rights on the Works to these entities, which are beneficially owned by Defendant Carl Weber.  **See Exhibit "8" to Baker's Declaration, Licensing Agreement.**

36.     By executing the Licensing Agreement, the parties submitted themselves to the jurisdiction of the state of New York.  **Id. at ¶11.**

37.     Upon information and belief, at the time Carl Weber executed the Licensing Agreement on behalf the Weber Entities, he knew that Defendant Vickie Stringer and the Triple Crown Entities were in financial distress.   Under these circumstances, Weber closed a bargain deal: a blanket license for at least 15 books in exchange for a $40,000.00 advance.

38.     On December 14, 2014, Ms. Stringer informed Plaintiff that under the terms of her Publishing Agreement with Triple Crown Publications LLC, her novels were selected to be published by Carl Weber and that the author was to receive 10% of the royalties beginning March 2015.  **See Exhibit "6" to Baker's Declaration.**

39.     Defendant Stringer wrote the December 14, 2014 email to Plaintiff following Plaintiff's notice of termination and knowing that Triple Crown Publications, LLC had been dissolved in 2010 and no longer held the rights to Plaintiff's Works.   Stringer also knew that the books embodying the Works were out of print and thus, pursuant to the Publishing Agreement, the rights on the Works had already reverted back to Plaintiff.   Notwithstanding these facts, Stringer wrote the December 14, 2014 email to Plaintiff in an attempt to legitimize her fraudulent conveyance to Weber, Urban Books and Kensington and get Plaintiff off her back by promising her royalties would come from a third party (Weber/Urban Books/Kensington).

**Defendant Carl Weber's Knowledge**

40.     Relying on Stringer's representations, Plaintiff reached out to Weber on several instances but those efforts did not lead to a response.  **See Baker's Declaration.**  Plaintiff did not have the financial resources to hire expert counsel and did not know that Weber was acting illegally. ***Id.***

9

41.     Desperate and in extreme financial distress, Plaintiff sent Weber a Facebook messages on December 16, 2014 and December 25, 2014 requesting a conversation to discuss her title and royalties. **Exhibit "7" to Baker's Declaration**, **Facebook messages.**

42.     Weber simply ignored Plaintiff and never reached out to her to discuss the Licensing Agreement despite having knowledge of Ms. Baker rights on the Works.

43.     On March 25, 2015, Defendant Weber received formal notice from Toy Styles regarding the fact that the Triple Crown Entities had been dissolved years ago and that as a result, the copyrights in her works "A Hustler's Son", "Black and Ugly" and "Street Love" had in fact reverted to Ms. Styles.

44.     On March 31, 2015, knowing that the Triple Crown Entities had been dissolved years ago, Defendant Urban Books published "Sheisty" in paperback, as an audiobook and in Kindle Edition (ISBN-13:978-1622869282), on November 24, 2015 Sheisty was republished by Urban Books (ISBN-13:9781622869558).  Ms. Baker's "Still Sheisty" novel was published by Urban Books/Kensington on December 29, 2015 (ISBN-13:978-1622869718) and reprinted by Kensington Publications Corporation on October 30th, 2017 (ISBN-13: 9781622865925).

45.     From December 2014 to date, Plaintiff has not received compensation from any of the Defendants notwithstanding the fact that Plaintiff's Works have been exclusively published and distributed by Urban Books, Urban Media and Kensington as a result of a Licensing Agreement subscribed *after* Plaintiff had noticed the termination of her Publishing Agreement and that was entered into by a company that did not hold the rights on the Works.

46.     On September 6, 2018, after years of struggling with debt and the financial hardship primarily caused by Defendants failure to pay Plaintiff royalties arising from the commercial exploitation of her Works, Plaintiff sought the advice of counsel and sent a demand letter to Defendants seeking  to enforce Plaintiff's rights in her novels "Sheisty" and "Still

Sheisty" and inviting Defendants Weber, Urban Books and Kensington to explore an amicable resolution since Defendants had been selling Plaintiff's Works without authorization for years while failing to share any portion of the sales income in connection to said Works with Plaintiff. See **Exhibit 10 to Perdomo's Declaration**.

47.    As a result of the Plaintiff's demand, Weber reached out to Plaintiff counsel and confirmed over a telephone conversation that neither Weber nor any of the Weber Entities ever paid Plaintiff royalties on her Works and admitted he was in fact "holding" royalties for the benefit of the Triple Crown Entities.  **See Perdomo's Declaration.**

48.    Instead of making a proposal or explore options to compensate Ms. Baker on October 3, 2018, Mr. Weber provided Ms. Perdomo with a copy of the Licensing Agreement executed between Triple Crown Publications, LLC as licensor, and  Urban Books and Kensington Publishing Corp. as licensees.  **Exhibit 11 to Perdomo's Declaration.**

49.    Thereafter, in a second and final attempt to resolve this matter out of court, on September 18, 2018, Ms. Perdomo sent another letter to Mr. Weber which he also failed to formally address.   **See Exhibit "12" to Perdomo Declaration.**

50.    Upon information and belief, Defendant Weber knew as early as  March 2015 that his entities, Urban Books, Urban Media and Kensington  did not have the rights to commercially exploit Plaintiff's Works because at the time the Licensing Agreement was signed by Urban Books/Kensington, the licensor, Triple Crown Productions, LLC did not have authority to license Ms. Baker Works for the following reasons: (i)  The Publishing Agreement between the Author and Triple Crown Publications, LLC had been terminated  3 years before the Licensing Agreement was executed, (ii) Triple Crown Productions, LLC was dissolved back in 2012 so the entity did not exist at the time the Licensing Agreement was executed; (iii) the Works had been out of print

years before the Licensing Agreement was executed and thus, the rights had already reverted back to the Plaintiff.

51.     Weber knew that because Urban Books/Kensington did not have authority to distribute the Works, continuing with the distribution of the Works was in fact infringing on Plaintiff's copyrights on the Works.

52.     Additionally, Weber knew that Ms. Baker was unaware of the terms of the Licensing Agreement and thus, the fact that the defunct Triple Crown Entities appeared as the licensors and that she had reached out to him multiple times.  Yet, Weber chose to ignore Plaintiff and publish and republish her books without providing her with a single statement or compensation for the exploitation of her Works.

### Proceedings Before the American Arbitration Association

53.     On December 11, 2018 after unsuccessful attempts for a potential out of court resolution   of this matter, Plaintiff filed a demand with the American Arbitration Association against the Triple Crown entities seeking to obtain, *inter alia*, a declaratory judgment declaring Ms. Baker's agreement with Triple Crown Publications terminated and the rights over the Works reverted to the author and for monetary damages on various claims (the "AAA Proceedings"). ***See*** **Exhibit "13" to Perdomo Declaration.**

54.     On or about December 28, 2019 Ms. Stringer appeared in the AAA Proceedings on behalf of Triple Crown Publications, LLC, Triple Crown Productions, LLC, Vickie Stringer Publishing and Vickie Stringer Agency and waived the entities' right to arbitrate by claiming that the arbitration clause of the Publishing Agreement was inapplicable as Triple Crown Productions LLC was dissolved in 2010 and admitting that based on the "out of print and out of business clause" in the Publishing Agreement, the copyrights over "Sheisty" and "Still Sheisty" had reverted to Ms. Baker.  **Exhibit 14 and Exhibit 15 to Perdomo Declaration.**

55.    In addition, Ms. Stringer also contended that she personally was not a party to any arbitration agreement and in any event, she could not be held liable as she filed for bankruptcy with the United States Bankruptcy Court of the Southern District of Ohio on March 23, 2017 2:17-bk-51730.  **See Exhibit 15 to Perdomo Declaration**.

56.    Stringer, however, failed to mention that Ms. Baker was not a listed debtor in her personal bankruptcy case and that her debt to Ms. Baker was not and could not have been discharged.

57.    On January 10, 2019 based on Ms. Stringer's statements the American Arbitration Association decided not to administer an arbitration.  **See Exhibit 16 to Perdomo Declaration.**

58.    Therefore, Plaintiff only option is to pursue her claims in Federal Court.

**FIRST CAUSE OF ACTION**
**Declaratory Judgment (28 U.S.C. §§ 2201-02)**
**(Against All Defendants)**

59.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 58 as if fully set forth herein.

60.    It is undisputed that on November 1st, 2003 Plaintiff Tanisia N. Baker assigned her rights in the novels "Sheisty" and "Still Sheisty" by executing a Publishing Agreement with Triple Crown Publications, LLC in exchange for royalties arising from the commercial exploitation of the Works.

61.    It is undisputed that on or about June 19, 2010 Triple Crown Publications, LLC was dissolved.  See Exhibit.

62.    On October 11, 2011 Plaintiff Tanisia N. Baker exercised her right to terminate the Publishing Agreement and the reversion of the copyrights in the Works.

63.     While ignoring Ms. Baker's Termination Notice, on October 19, 2011 Stringer sent Plaintiff a correspondence on behalf of Triple Crown Publications confirming that Triple Crown Publications had assigned the rights on the Works to Vickie Stringer Publishing but that the assignment had not reverted the rights in the contract or changed the contract in any way. Ms. Stringer also explained that Triple Crown Publication had dissolved as an Ohio based entity but that she and her entities would continue to do business as "Triple Crown Publications."

64.     It is undisputed that on or about May 5, 2009 an assignment of the copyrights in the Works was recorded in the chain of title of registration No. before the U.S. Copyright Office from Triple Crown Publications, LLC to Vickie Stringer Publishing as assignee.

65.     On January 2, 2019 in an email addressed to Plaintiffs' counsel and the American Arbitration Association, Defendant Vickie Stringer admitted that  the rights on the copyright reverted to Plaintiff as early as the date of dissolution of Triple Crown Publications, LLC and stated that Publishing Agreement had both an "out of business and out of print clause both reverting rights back to your client to move on with her endeavors."

66.     Notwithstanding Stringer's admission on January 2, 2019, back in October 2014 she caused Triple Crown Productions d/b/a/ Triple Crown Publications (both dissolved entities at this time) to execute a Licensing Agreement with Carl Weber, Urban Books/ Kensington  as licensees (the "Licensing Agreement") in connection to Plaintiffs Works, the same Works she know admits had reverted back to Plaintiff years before the license was executed.

67.     Triple Crown Productions, LLC did not have authority to license  Ms. Baker Works for the following reasons: (i)  The Publishing Agreement between the Author and Triple Crown Publications, LLC had been terminated  3 years before the Licensing Agreement was executed, (ii) Triple Crown Productions, LLC was dissolved back in 2012 so the entity did not exist at the

time the Licensing Agreement was executed; (iii) the Works had been out of print years before the

Licensing Agreement was executed and thus, the rights had already reverted back to the Plaintiff.

WHEREFORE, Based on the foregoing undisputed facts, Plaintiff respectfully requests that
this Court declares:

(1) That the Publishing Agreement between Plaintiff and Triple Crown Publications LLC has
been terminated effective October 11, 2011;
(2) That Plaintiff is the sole and exclusive owner of the copyrights in the Works;
(3) That the Licensing Agreement between Triple Crown Productions, LLC and Defendants
Urban Books, LLC and Kensington Publications, Inc is void *ab initio*;
(4) That Defendants Carl Weber, Urban Books, LLC, Urban Books Media, LLC and
Kensington Publications, Inc do not have the rights to publish Plaintiff's work;
(5) Grant such other and further relief as it deems appropriate.

## SECOND CAUSE OF ACTION
### Copyright Infringement
**(Against Defendants Carl Weber, Urban Books, Urban Media and Kensington)**

68.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 67

as if fully set forth herein.

69.     Plaintiff is the author of the Works "Sheisty" and "Still Sheisty" which are duly

registered copyrights before the U.S. Copyright Office.  **See Exhibit 8 and Exhibit 8-A to

Perdomo's Declaration.**

70.     Plaintiff assigned her copyrights into the Works to Triple Crown Publications, LLC

in 2003 by executing a Publishing Agreement which was later terminated in October 2011.

71.     Defendant Vickie Stringer, a principal and owner of non-party Triple Crown

Publications, LLC admitted that said entity was dissolved in 2011 and that the Publishing

Agreement was terminated and as a result of the "out of print and out of business clause" in the

Publishing Agreement, Plaintiff's copyrights into the Works had reverted to Plaintiff.  **See Exhibit

14 and Exhibit 15 to Perdomo's Declaration.**

72.     Defendant Weber knew at least as early as March 25, 2015 that the Licensing Agreement he obtained from the Triple Crown Entities involving 15 books, including Plaintiff's Work was invalid.

73.     Defendant Weber knew, *inter alia*, through the formal notices and federal complaint of Toy Styles, another author that had publishing agreement identical to the one that Plaintiff signed with Triple Crown Publications, about the dissolution of the Triple Crown Entities as well as the unethical and fraudulent practices that Stringer used to rip off many author including Ms. Styles herself.

74.     On March 25, 2015, Defendant Weber received formal notice from Toy Styles regarding the fact that the Triple Crown Entities had been dissolved years ago and that as a result, the copyrights in her works "A Hustler's Son", "Black and Ugly" and "Street Love" had in fact reverted to Ms. Styles.

75.     As a result of Ms. Styles notice, Weber refrained from publishing her novels which had been included as part of the "bargain" licensing deal Weber obtained from a financial distressed Stringer.  **See Exhibit "8" to Baker Declaration, Licensing Agreement.**

76.     Notwithstanding Toy Style's formal notice on March 25, 2015, and knowing that the remaining titles (including Plaintiff's Works) were improperly conveyed to the Weber entities, on March 31, 2015 Urban Books published the novel "Sheisty" in paperback, Audio and Kindle Edition (ISBN-13:978-1622869282), republished the novel on November 24, 2015 (ISBN-13:9781622869558) and published the novel "Still Sheisty" (Urban Books/Kensington) on December 29, 2015 (ISBN-13:978-1622869718). "Still Sheisty" was reprinted by Kensington Publications Corporation, among others, on October 30, 2017 (ISBN-13: 9781622865925).

77.     Upon information and belief, Weber willfully assumed the risk of potential copyright infringement actions from authors such as Plaintiff when he published Plaintiff's Works

only six (6) days after receiving written notice that the Triple Crown entities had dissolved years ago.

78. On or about October 2014, Triple Crown Productions d/b/a Triple Crown Publications did not hold the publishing rights on Plaintiff's Work and thus, could not have been legally capable to license the Works to Carl Weber and his entities back in 2014.

79. Notwithstanding the fact that Plaintiff sent a Termination Notice to Defendant Stringer in connection to her Publishing Agreement, Stringer used fraudulent tactics to ensure Plaintiff that her Notice of Termination was not sufficient to terminate the Publishing Agreement and revert her copyrights in the Works because the copyright had been previously assigned to another of her entities Vickie Stringer Publishing, LLC.

80. For example, in an email correspondence dated 2014, Ms. Stringer explains the Licensing Agreement between the Triple Crown Entities and Weber and his entities as if the license was in fact a legitimate conveyance of Plaintiff's works and encouraging Ms. Baker to seek royalties from Weber and his entities.

81. In fact, unbeknownst to Plaintiff, the Licensing Agreement between the Triple Crown Entities and the Weber Entities lacked the required legal basis to be a valid conveyance.

82. Based on Stringer misrepresentations to Plaintiff regarding the true ownership of the copyright in the Works, Plaintiff learned for the first time in September 2018 after reviewing for the first time a copy of the Licensing Agreement, that Carl Weber and his entities did not have the right to publish her Works and were in fact infringing on her copyrights.

83. Broke and defeated, Plaintiff contacted Weber to discuss the terms of what she thought was an opportunity to finally obtain payment of royalties arising from her Works. Knowing about the situation from Ms. Styles and trying to avoid losing more works under the Licensing Agreement, Mr. Weber intentionally, turned a blind eye and chose not to answer to Ms.

Baker. Weber also knew that unlike Ms. Styles, Plaintiff could not afford filing an action and hiring expert counsel to assert her claims.

84.     Yet, Defendant Weber purchased an exclusive license for the Works form Stringer and exploited the Works for years without sending Plaintiff a single royalty statement or check.

85.     As Defendants Urban Books LLC, Carl Weber, Kensington, commercially exploited Plaintiff's Works and received the financial benefits from the Works by willfully publishing and selling the Works without Plaintiff's authorization and with knowledge of Plaintiff's rights in said Works, Defendants Weber, Urban Books, Urban Media and Kensington have infringed upon Plaintiff's copyrights on her Works of authorship.

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Awards Plaintiff monetary damages, attorneys' fees and cost for Defendants willful Carl Weber, Urban Books, Urban Media and Kensington copyright infringement in an amount to be determined at trial but not less than $500,000.00;
(2) Grant such other and further relief as it deems appropriate.

### THIRD CAUSE OF ACTION
### Fraud
### (Against Defendant Vickie Stringer)

86.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 85 as if fully set forth herein.

87.     On November 1st, 2003 Plaintiff Tanisia N. Baker assigned her rights in the novels "Sheisty" and "Still Sheisty" to Triple Crown Publications, LLC in exchange for royalties from the exploitation of the Works. In 2010 Triple Crown Publications was dissolved.

88.     On October 11, 2011 Plaintiff Tanisia N. Baker exercised her right to under the agreement to terminate the agreement and have her rights in the Works reverted back to her.

89.     On October 19, 2011 Defendant Vickie Stringer, on behalf of the publisher, informed Plaintiff that her rights could not be reverted under the terms of the Publishing

Agreement because they were assigned prior to Triple Crown Publications dissolution to either Triple Crown Productions or Vickie Stringer Publishing LLC, which were continuing the business of Triple Crown Publications. Ms. Stringer intentionally made the statements knowing them to be false. The statements were made with the knowledge that Plaintiff would rely on them to her detriment and Plaintiff actually relied on said statements in her detriment. Because of her reliance on Ms. Stringer's false statements, Ms. Baker suffered damages by not seeking exploitation of her Works and by not receiving royalties duly owned to her from their exploitation.

90.     Moreover, on December 12, 2014 Ms. Stringer fraudulently misrepresented to Ms. Baker that the Publishing Agreement that she had with the dissolved Triple Crown Publications was not terminated, and that she was actually acting under it, and its terms were going to apply in a license that the Stringer entities singed for the works with Weber and his entities. Ms. Stringer made the statements with the knowledge that they were false.

91.     When Stringer made these statements to Plaintiff Stringer knew that the statements were false and that Plaintiff would rely on them in her detriment.

92.     Plaintiff actually relied on Stringer's misrepresentations to her detriment and did not pursue claims for copyright infringement against any of the Defendants while Defendants exploited Plaintiff's Works for years without paying her a single dollar and depriving her of her right to freely sell, distribute and/or license her Works.

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Enter a judgment against Defendant, Vickie Stringer personally and as an officer of the Stringer entities for fraud in the amount to be determined at trial but not less than $500,000.00; and
(2) Grant such other and further relief as it deems appropriate.

## FOURTH CAUSE OF ACTION

### Civil Conspiracy to Commit Fraud

### (against Carl Weber, Urban Books, LLC, Urban Books Media, LLC, Kensington Publishing Corporation, Vickie Stringer Agency, LLC and Vickie Stringer Publishing LLC)

93.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 92 as if fully set forth herein.

94.     Under New York law [t]"he allegation of conspiracy carries no greater burden, but also no less, than to assert adequately common action for a common purpose by common agreement or understanding among a group, from which common responsibility derives. Therefore, under New York law, [i]n order to properly plead a cause of action to recover damages for civil conspiracy, the plaintiff must allege a cognizable tort, coupled with an agreement between the conspirators regarding the tort, and an overt action in furtherance of the agreement." *Blanco v. Polanco,* 116 A.D.3d 892,897, 986 N.Y.S.2d 151 (1st Dept. 2014.)

95.     Defendants Weber used his beneficially owned entities, Urban Books and Kensington to enter into a Licensing Agreement with Vickie Stringer and her Triple Crown Entities to defraud Plaintiff.

96.     Upon information and belief, Defendants' scheme entailed acquiring exclusive licensing rights in connection to best seller titles at a discounted price.  Upon information and belief, Defendants agreed to the licensing deal while having knowledge that Stringer and her entities were in financial distress.

97.     Defendants Weber, Urban Books and Kensington knew or should have known that Triple Crown Publications and Triple Crown Publishing have been dissolved and could not legally license ant rights into the works subject to the Licensing Agreement.

98.     Defendant Carl Weber purposely avoided any and all contact with Plaintiff despite her multiple attempts in an effort to quietly reap the commercial benefits arising from her Works.

99.     By entering into the Licensing Agreement and disregarding the aforementioned facts, Weber and his entities aided and abetted Stringer's fraud.

100.    Weber through his entities intentionally acted in furtherance of Stringer's fraud and aforesaid conspiracy, published, republished and sold Plaintiff's works and pocketed the proceeds.

101.    As a proximate result of the conspiracy, Baker has suffered pecuniary damages in the amount to be determined at trial but not less than $500,000.00, plus Plaintiff's legal fees and expenses.

102.    In light their participation in the aforesaid conspiracy, Defendants, Carl Weber, Urban Books, LLC, Urban Books Media, LLC, Kensington Publishing Corporation, Vickie Stringer Agency, LLC and Vickie Stringer Publishing LLC are jointly and severally liable to Plaintiff in the amount to be determined at trial but not less than $500,000.00, plus punitive damages, legal fees and expenses.

WHEREFORE, Plaintiff respectfully requests:

(1) Grant Plaintiffs request for damages for civil conspiracy against Defendants, Carl Weber, Urban Books, LLC, Urban Books Media, LLC, Kensington Publishing Corporation, Vickie Stringer Agency, LLC and Vickie Stringer Publishing LLC, jointly and severally;
(2) For punitive damages, legal fees and costs; and
(3) Grant such other and further relief as it deems appropriate.

**FIFTH CAUSE OF ACTION**
**Unjust Enrichment**
**(Against all Defendants)**

103.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 102 as if fully set forth herein.

104.    Defendants Vickie Stringer, Vickie Stringer Publishing, The Triple Crown Publishing LLC., and Urban Books, LLC, Carl Weber and Kensington Publications, Inc. benefited at the Plaintiff's expense by selling Plaintiffs Works without providing her with any compensation.

105.    Consequently, it would be against equity and good conscience to allow Defendant to retain what the Plaintiff seeks to recover.

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Award Plaintiff damages for Defendant's unjust enrichment in the amount to be determined at trial but not less than $500,000.00; and

(2) Grant such other and further relief as it deems appropriate.

### SIXTH CAUSE OF ACTION
### Breach of Contract
### (Plead in the alternative against Vickie Stringer Publishing LLC and Urban Books and Kensington Publications)

106.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 105 as if fully set forth herein.

107.    Plaintiff is the author of the Works "Sheisty" and "Still Sheisty"

108.    On November 2004, Plaintiff signed a Publishing Agreement with Triple Crown Publishing, LLC granting the rights to her Works.

109.    From November 2004 until the last quarter of 2009, Plaintiff was receiving royalties and statements from the Triple Crown Entities.

110.    The Triple Crown Entities failed to pay Plaintiff royalties from December 2009 to October 2011 when Plaintiff sent a Notice of Termination of the Publishing Agreement to Defendants Stringer and the Triple Crown Entities.

111.    Notwithstanding Plaintiff's Termination Notice Defendant Stringer sent a letter on October 19, 2011 ensuring Plaintiff that the Publishing Agreement was in full force and effect.

112.    From October 2011 until the end of 2014 the Triple Crown Entities failed to pay Plaintiff royalties on her Works even though based on Stringer's October 19, 2011 communication the Publishing Agreement continued despite Plaintiff's Notice of Termination and royalties payments were to resume in 2012.

113.    On or about October 2014, Stringer and the Triple Crown Entities licensed Plaintiff's Works to Defendants Weber and the Weber Entities, Urban Books and Kensington Publications.    Plaintiff received an advance payment in consideration of the license of approximately $40,0000 but failed to also pay Plaintiff her share of the advance.

114.    Plaintiff's Works were commercially exploited for approximately 5 years under Stringer and the Triple Crown Entities but during those 5 years Plaintiff never received compensation and has not received any compensation to date.

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Enter a judgment against Defendants, Vickie Stringer Publishing LLC, Urban Books, LLC, Kensington Publications, Inc. and Carl Weber for their breach of contract in the amount to be determined at trial but not less than $500,000.00; and
(2) Grant such other and further relief as it deems appropriate.

## SEVENTH CAUSE OF ACTION
### Accounting
### (Against All Defendants)

115.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 114 as if fully set forth herein.

116.    Plaintiff's Publishing Agreement granted Triple Crown the exclusive rights to publish the novels "Sheisty" and "Still Sheisty" in exchange of payment of royalties in the amount of 10% from the net sales of the works and exclusive right to sell or license the use of the Works to third parties in exchange for 50% of the net proceeds of the sales or licenses.

117.    Plaintiff terminated her Publishing agreement on October 10, 2011. Yet, Defendants continued to commercially exploit Plaintiff's Works claiming for years that the termination did not take place as all the entities beneficially owned by Stringer were in fact all under the Triple Crown umbrella and a de facto merger had occurred.

118.    The Triple Crown entities under the direction of Stringer, as well as Urban Books, Urban Media and Kensington under the ownership and direction of Carl Weber published and republished Plaintiff's Works without authorization while commercially exploiting and distributing the profits of said Works amongst all Defendants.

119.    Urban Books published the novel "Sheisty" on March 31, 2015, in paperback, Audio and Kindle Edition (ISBN-13:978-1622869282), republished the novel on November 24, 2015 (ISBN-13:9781622869558) and published the novel "Still Sheisty" (Urban Books/Kensington) on December 29, 2015 (ISBN-13:978-1622869718). "Still Sheisty" was reprinted by Kensington Publications Corporation, among others, on October 30, 2017 (ISBN-13: 9781622865925).

120.    Yet, since 2009 until this date Ms. Baker has not received any payments nor has otherwise been compensated for the exploitation of her Works.

121.    As the author of the works Ms. Baker is entitled to an accounting of Defendants' profits from sales, licensing and distribution of the Works and disgorgement of the author's share of such profits. Defendants have failed and refused to provide the author such an accounting.

WHEREFORE, Plaintiff respectfully requests that this Court:

   (1) Grant Plaintiffs request for an accounting; and
   (2) Grant such other and further relief as it deems appropriate.

## EIGHTH CAUSE OF ACTION
### Constructive Trust
### (against all Defendants)

122.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 121 as if fully set forth herein.

123.    Under New York law a constructive trust may be imposed when property has been acquired in circumstances where the holder may not in good conscience retain the benefit therein.  A. Brod, Inc. v. SK & I Co., 998 F.Supp. 314, 327 (S.D.N.Y.1998).

124.     A constructive trust is appropriate when there is evidence of (1) a confidential relationship; (2) an express or implied promise; (3) a transfer in reliance on such a promise; and (4) unjust enrichment.

125.    Defendants are professional publishers and Plaintiff reasonably believed in their professionalism, judgment and advice to offer her Works to the public and Plaintiff an agreed upon share of the sales.

126.    That Defendants have been publishing, republishing and selling Plaintiff's Works for years and ripping the benefits from Plaintiff's work without sharing said benefits with Plaintiff.

127.    That because of Defendants' promises, statements or omissions, Plaintiff was intentionally lead to believe by Defendants that Defendants had the right to exploit her works.

128.    That Defendants hold proceeds from the sales of the Works, which in equity belong to Plaintiff.

129.    As a result, Plaintiff was damages in the amount to be determined at trial but not less than $500,000.00.

WHEREFORE, Plaintiff respectfully requests that this Court:

(4) Grant Plaintiffs request of constructive trust over Defendants receipts form the unauthorized exploitation of Plaintiff's copyrights; and
(5) Grant such other and further relief as it deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff Tanisia N. Baker hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully Submitted,

CHINTA, PERDOMO, BERKS & FRATANGELO, LLP

Francelina M. Perdomo (#4429)
Antoaneta Tarpanova (#2287)
Attorneys for Plaintiff
17 State Street, Suite 4000
New York, NY 10004
(212) 274-1261
fperdomo@chintaperdomo.com
atarpanova@chintaperdomo.com