```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- X
                                                                        :
TANISIA N. BAKER,                                                       :
                                                                        :
                              Plaintiff,                                :       19 Civ. 1093 (JPC) (GWG)
                                                                        :
                -v-                                                     :       ORDER ADOPTING
                                                                        :       REPORT AND
CARL WEBER, et al.,                                                     :       RECOMMENDATION
                                                                        :
                              Defendants.                               :
                                                                        :
----------------------------------------------------------------------- X
```

JOHN P. CRONAN, United States District Judge:

Plaintiff Tanisia N. Baker initiated this action on February 6, 2019 against several publisher Defendants seeking unpaid royalties from books that she had authored. *See* Dkt. 5. After several Defendants settled, three defaulted: Vickie Stringer, Vickie Stringer Publishing LLC, and Vickie Stringer Agency LLC, (the "Defaulting Defendants"). Dkts. 123, 138 ("3/22/22 Tr.") at 3, 19-20. At a default judgment hearing on March 22, 2022, this Court found each Defaulting Defendant liable for breach of contract, unjust enrichment, fraud, and civil conspiracy to commit fraud and granted Baker's request for declaratory relief. 3/22/22 Tr. at 19-20. This Court then referred the case to the Honorable Gabriel W. Gorenstein for an inquest into damages. Dkt. 136.

On May 9, 2022, Baker filed proposed findings of fact and conclusions of law, as well as additional materials, in support of damages for only her breach of contract and unjust enrichment claims. Dkts. 140-142. Baker therefore waived damages for her fraud and conspiracy to commit fraud claims. *See Cablevision Systems N.Y.C. Corp. v. Flores*, No. 00 Civ. 5935 (GEL) (GWG), 2001 WL 761085, at *3 n.3 (S.D.N.Y. July 6, 2001) (finding that the plaintiff waived request for damages by not raising the request in its inquest submission), *report and recommendation adopted*,

No. 00 Civ. 5935 at Dkt. 16.  Judge Gorenstein reviewed the materials submitted by Baker and, on August 23, 2022, issued a Report and Recommendation recommending that this Court award Baker no damages on her breach of contract or unjust enrichment claims.  Dkt. 144 ("Report and Recommendation") at 13.  Primarily, Judge Gorenstein reviewed the evidentiary material submitted by Baker and determined that there was insufficient evidence supporting Baker's claimed damages or any other damages.  *Id.* at 9, 12.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a report and recommendation.  28 U.S.C. § 636(b)(1)(C).  If a party submits a timely objection to any part of the magistrate judge's disposition, the district court conducts a *de novo* review of the contested section.  Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  If no objections are made, the district court reviews the report and recommendation for clear error.  *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Report and Recommendation, citing both Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object.  Report and Recommendation at 13.  No objections have been filed and the time for making any objections has passed.  The parties have therefore waived the right to object to the Report and Recommendation or to obtain appellate review.  *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).

Notwithstanding this waiver, the Court has conducted a *de novo* review of the Report and Recommendation and finds it to be well reasoned and its conclusions well founded.  Accordingly, the Court adopts the Report and Recommendation in its entirety.  The Court therefore awards

Baker no damages on any of her claims. As stated at the March 22, 2022 default judgment hearing, the Court does grant Baker's requested declaratory relief, declaring with respect to her claims against the Defaulting Defendants that (1) the Publishing Agreement dated November 1, 2003 terminated on October 10, 2011, at which point the copyrights to the novels "Sheisty" and "Still Sheisty" reverted back to Baker; (2) Baker is the owner of the copyrights in "Sheisty" and "Still Sheisty"; and (3) Triple Crown Productions, LLC did not have authority to license "Sheisty" and "Still Sheisty" in October 2014. *See* 3/22/22 Tr. at 19; Dkt. 113. The Clerk of Court is respectfully directed to enter judgment and close this case.

    SO ORDERED.

Dated: January 17, 2023
      New York, New York

                                                   JOHN P. CRONAN
                                         United States District Judge